IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM T. DAVIS ) | |
| ) | |
| v. ) | NO. 3:07-0713 |
| ) | |
| CITY OF MURFREESBORO, et al. ) | |

## **MEMORANDUM**

Pursuant to the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties in this action have consented to have the Magistrate Judge conduct any and all further proceedings in the action, including the entry of a final judgment. See Docket Entry Nos. 11 and 15.

### I. BACKGROUND

The plaintiff filed this action on July 6, 2007, asserting civil rights claims under 42 U.S.C. § 1983, and seeking five million dollars in damages. Named as defendants were the City of Murfreesboro, Tennessee ("City"); the City of Murfreesboro Building and Codes Department ("Building Codes Department"); Betts Barbier Nixon, the Director of the Building Codes Department; and Monty Kapavik, an inspector with the Building Codes Department.

The plaintiff alleges that in March 2006, he "began to be contacted by [the Building Codes Department and/or Kapavik] demanding an inspection of [his] condominium," see Complaint at ¶ 15, and that the Building Codes Department obtained a warrant to search his condominium on July 2, 2006. Id. at ¶ 18. The plaintiff asserts that Kapavik appeared unannounced at his condominium on July 12, 2006, demanding entry to inspect the property and that, when he told Kapavik that he wanted his attorney present during the search, Kapavik threatened him with a criminal misdemeanor citation. Id. at ¶¶ 19-20. The plaintiff asserts that he permitted Kapavik to enter the condominium because he feared potential repercussions if he did not. Id. at ¶ 21. On July 26, 2006, Kapavik issued to the plaintiff a Notice to Repair, which the plaintiff contends grossly

exaggerated the alleged deficient conditions of the property which were ordered to be repaired. Id. at ¶¶ 22-23.

The plaintiff alleges that the search of his property and resulting repair notice were acts of retaliation against him because he had pursued prior lawsuits against various branches of the City[1] and were an attempt to prevent him from continuing to exercise his constitutionally protected rights in future court proceedings against the City. He alleges that the City and the Building Codes Department have adopted and permitted a policy of retaliation against him because of his exercise of his First Amendment rights. Id. at ¶¶ 24-43.

By Order entered August 21, 2007 (Docket Entry No. 13), the Building Codes Department was dismissed from the action, and by a Joint Stipulation of Dismissal With Prejudice (Docket Entry No. 26), Defendants Betts Barbier Nixon and Monty Kapavik were also dismissed from the action.

Presently pending before the Court is a Motion to Dismiss (Docket Entry No. 17) filed by the City[2]. The City argues that the action should be dismissed because the plaintiff fails to state a claim against it upon which relief can be granted.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the plaintiff's allegations and resolve all doubts in the plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550

---

[1] The plaintiff's prior lawsuits were based on events surrounding a search of his residence in December 2003, and subsequent civil and criminal proceedings which were brought against him as a result of the search.

[2] At the time the motion was filed, Defendants Nixon and Kapavik had not yet been dismissed and the motion was also filed on their behalf.

2

U.S. \_\_, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

### III. ANALYSIS

Those parts of the motion to dismiss seeking dismissal of Defendants Nixon and Kapavik, See Memorandum in Support (Docket Entry No. 19), at 10-14 (Section C), and seeking dismissal of the plaintiff's request for punitive damages, id. at 14-16 (Section D), are denied as moot in light of the joint stipulation of dismissal of these two defendants from the action.[3]

The motion is granted to the extent that the defendant seeks dismissal of any claims arising one year prior to the filing of the instant action on July 6, 2007, as being time-barred by the applicable one year statute of limitations. The applicable statute of limitations for claims brought under 42 U.S.C. § 1983 is the one year limitations period for personal injury actions in Tennessee as set out in Tenn. Code Ann. § 28-3-104(a). See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). The question of when the statute of limitations begins to run is determined by federal law. See Wilson v. Garcia, 471 U.S. 261, 268-71, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The general rule for accrual of a claim is that the statute of limitations begins to run when the plaintiff knew or should have known of the injury which forms the basis of his claim. Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005); Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

In response to the motion, the plaintiff asserts only that the complaint was filed within one year of the events occurring on July 12, 2006, when the plaintiff alleges that he was threatened and

---

[3] The plaintiff's request for punitive damages was directed at only Defendants Nixon and Kapavik. See Complaint, at 9.

3

harassed, and the plaintiff does not address the defendant's argument that events occurring prior to July 6, 2006, are barred by the statute of limitations. See Memorandum In Support (Docket Entry No. 19-1), at 5. Although the events of July 12, 2006, may form the basis for a timely filed claim, other events, such as those set out in paragraphs 15 and 18 of the Complaint, cannot be asserted as the basis for a timely filed claim brought under Section 1983.

The defendant's remaining arguments for dismissal of the action are that the plaintiff's complaint fails to set out facts showing that the defendant took any adverse action against the plaintiff and fails to show that a custom or policy of the City was the cause of the alleged constitutional wrongdoing. See Memorandum in Support (Docket Entry No. 18), at 5-10. The defendant also makes these two arguments for dismissal in its subsequently filed motion for summary judgment (Docket Entry No. 29).

Accordingly, because the merits of the plaintiff's claim of constitutionally impermissible retaliation and of municipal liability are before the Court within the stance of a motion for summary judgment, which allows for a more thorough review of the issues and actual evidence of the parties, those portions of the motion to dismiss shall be denied as moot and as being consumed within the motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the defendant shall be granted in part and denied in part as set out herein.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge